Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Kimberly M. Atkins                                                              Docket No. 00-00217-001

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Kimberly M. Atkins, who was placed on supervision by the Honorable William L. Standish sitting in the Court at Pittsburgh, Pennsylvania, on the 25th day of November 2002, who fixed the period of supervision at 36 months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Complete 6 months' home detention.

Original conditions of supervision imposed by the Honorable Judge Standish on October 31, 2001, at sentencing:

- Complete 4 months' community confinement during first 4 months of probation.
- Complete 6 months' home confinement at completion of 4 months' community confinement.
- Participate in a program of testing and, if necessary, treatment for substance abuse.
- Participate in a mental health treatment program as directed by the probation officer.
- Pay restitution of $1,835 through monthly installments of not less than 10 percent of gross monthly income or, in any event, a nominal amount of not less than $50.
- Provide the probation officer with access to any requested financial information.
- Do not incur new credit charges or open additional lines of credit without probation officer approval.
- Pay a special assessment of $200.

10-31-01: Bank Robbery (two counts); Probation of 3 years at each count, to be served concurrently.
01-31-02: Arrived at Community Confinement Center (Renewal, Incorporated) to begin a 4-month period of community confinement.
11-25-02: Probation revoked; 6 months' imprisonment at each count, to be served concurrently and to be followed by 36 months' supervised release at each count to be served concurrently. All other conditions of probation to remain in effect as conditions of supervised release.
08-06-03: Released from imprisonment; Currently supervised by U.S. Probation Officer Jeffrey A. Birt.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the defendant has violated the following conditions of supervision:

**The defendant shall refrain from any unlawful use of a controlled substance.**

A urine sample obtained from Ms. Atkins on February 4, 2005, tested positive for cocaine. A urine sample obtained from Ms. Atkins on March 11, 2005, tested positive for morphine.

Case 2:00-cr-00217-WLS    Document 60    Filed 09/23/2005    Page 2 of 3

U.S.A. vs Kimberly M. Atkins
Docket No. 00-00217-001
Page 2

**The defendant shall participate in a program of testing, and if necessary, treatment for substance abuse as directed by the Probation Office.**

During her term of supervision, Ms. Atkins has admittedly and repeatedly attempted to circumvent the drug testing process. Laboratory results from a urine sample she provided on April 6, 2004, indicated that the sample was not consistent with human urine. Ms. Atkins subsequently reported to the Probation Office that the specimen she submitted on April 6, 2004, was actually orange juice and not her urine. On April 14, 2004, the Probation Office attempted to collect a urine sample from Ms. Atkins at her residence. The sample she submitted on that date was cold. On April 16, 2004, Ms. Atkins admitted that the sample she submitted on April 14, 2004, was not her own.

On October 25, 2004, the Probation Office attempted to collect a urine sample from Ms. Atkins. During this process, U.S. Probation Officer Romona Clark observed a foreign object in Ms. Atkins' vaginal area. After being instructed on several occasions by Officer Clark to remove the object, Ms. Atkins reportedly removed the object and tossed/threw it in the direction of Officer Clark. Ms. Atkins subsequently admitted that the aforementioned object was a straw filled with urine. Since her release from imprisonment, Ms. Atkins has been referred to inpatient substance treatment (completed a 28-day inpatient program at Gateway Rehabilitation in 2004) and outpatient substance abuse treatment at Allegheny Institute; however, she was terminated from outpatient treatment in October 31, 2004, due to her failure to attend her scheduled treatment sessions.

**The defendant shall report to the probation officer as directed by the Court and shall submit a truthful and complete written report within the first five days of each month.**

On February 15, 2005, Ms. Atkins reported to the Probation Office. At that time, she was given the option of signing a waiver allowing the conditions of her supervised release to be modified to include 90 days at the Community Corrections Center (Renewal, Incorporated), or having the probation officer request a show cause hearing before the Court to address her continued violations of the conditions of her supervised release. Ms. Atkins indicated that she needed time to make a decision regarding this matter, and she was directed to report back to the Probation Office on February 25, 2005; however, she failed to report on that date. On March 11, 2005, Ms. Atkins reported to the Probation Office at approximately 3:55 p.m. and indicated that she had to be at work by 4 p.m. She was directed to report back to the Probation Office on March 16, 2005, and to be prepared to stay at least 20 minutes. Ms. Atkins has not reported in person to the Probation Office since March 11, 2005. In addition, she has not submitted a written monthly report to the Probation Office since March, 2005.

**The defendant shall participate in a mental health treatment program as directed by the probation officer, until such time as she is released from the program by the probation officer.**

A monthly treatment report (dated June 30, 2005) received from Ms. Atkins' mental health provider reported that she had missed her June 24, 2005 appointment. The report stated that Ms. Atkins was not committed to treatment. It was noted that she had only called or shown up sporadically since February 2005.

**The defendant shall pay $1,835 restitution through monthly installments of not less than 10 percent of her gross monthly income or, in any event, a nominal amount of not less than $50 per month.**

To date, Ms. Atkins has not made any restitution payments.

U.S.A. vs Kimberly M. Atkins
Docket No. 00-00217-001
Page 3

**It is further ordered that the defendant shall pay to the United States a special assessment of $100 at Count 1 and $100 at Count 2 for a total special assessment of $200, which shall be paid to the Clerk of the United States District Court forthwith.**

To date, Ms. Atkins has made five payments, totaling $65 on her special assessment. She has a $135 special assessment balance.

PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom No. 6, Sixth Floor, United States Post Office and Courthouse, Pittsburgh, Pennsylvania, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.

ORDER OF COURT

Considered and ordered this _____ day of _____, 20____ and ordered filed and made a part of the records in the above case.

_____
Senior United States District Judge

I declare under penalty of perjury that the forgegoing is true and correct.

Executed on  09-21-2005

_____
Jeffrey A. Birt
U.S. Probation Officer

_____
Roselyn Gerson
Supervising U.S. Probation Officer

Place: Pittsburgh, Pennsylvania